# Flinn's Estate.

*Appeals—Trusts and trustees—Surcharge—Findings of fact—Inferences from evidence.*

An appeal from a decree of the orphans' court refusing to surcharge an executor, will be affirmed, where it appears that all the surcharges claimed turned upon findings of fact, that such findings were based upon sufficient evidence, and that the inferences drawn from them by the lower court were not unwarranted.

Argued March 14, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 24, March T., 1928, by William Semple, administrator, from decree of O. C. Allegheny Co., March T., 1925, No. 245, dismissing exceptions to adjudication, in estate of Philip S. Flinn, deceased. Affirmed.

Exceptions to adjudication of MITCHELL, J. Before TRIMBLE and MITCHELL, JJ.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Wm. Semple, administrator, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*William B. Secrist,* for appellant.

*John S. Weller,* of *Weller, Wicks & Wallace,* for appelle.

PER CURIAM, April 9, 1928:

William Semple, administrator d. b. n. c. t. a. of the estate of Philip S. Flinn, deceased, has appealed from the decree of the Orphans' Court of Allegheny County on an adjudication of an account filed by the executors of William Flinn, deceased, the last named decedent having previously administered the estate of appellant's decedent.

Philip S. Flinn died March 28, 1909, leaving a will by which he designated his wife as executrix and sole beneficiary. Mrs. Flinn renounced the management of the estate in favor of her brother-in-law, William Flinn, a man who for many years enjoyed a high reputation for business acumen and financial integrity. William Flinn undertook the management of his deceased brother's estate at the request of the latter's widow in order to help straighten out the tangled situation in which her late husband had left his business affairs.

Philip, at the time of his death, was operating two restaurants in the City of Pittsburgh. The court below

states that, as the result of William Flinn's management of the business left by his brother, "the debts of the decedent were paid, his widow has received......, from......income......, $114,446.24," and there has been turned over to her a going business with assets valued by the accountant at $20,000.

William Flinn, who also operated three restaurants on his own account, employed a manager and certain other employees, who gave their time and services in common to these restaurants and the business William was conducting for his deceased brother's estate. The court below states: "The accounts were kept separately and the proper charges and credits given to each restaurant."

Appellant claims that too large a proportion of the expense of operation was charged against Philip's estate. On the other hand, counsel for the estate of William contends that the operation of the restaurants in common was undertaken entirely for the benefit of the estate of Philip and proved an advantageous arrangement. The court below says: "It has been argued that, in operating the three restaurants of his own in connection with the two of the estate [of Philip], William Flinn took advantage of the estate and profited by this arrangement at the expense of the estate. There is no evidence the estate's restaurants lost when being operated in connection with the others: [on the contrary] the result of the administration and supervision of the estate and its business by Senator Flinn was highly beneficial and likewise profitable to the widow."

After a careful study of the voluminous record in this case, we are not convinced of error. Practically all the surcharges, for which appellant now contends, turned on findings of fact; he does not assert that these various findings lack evidence to support them,—his contention is that the auditing judge drew unjustifiable inferences and stated unwarranted conclusions from the

underlying facts shown by the evidence. We cannot sustain this contention.

It would serve no useful purpose to take up in detail the various items of attack so fully argued in the briefs of counsel; we have examined and considered all of them and find no warrant for reversing the conclusion of the orphans' court as to any of them.

The decree appealed from is affirmed at cost of appellant.